IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.  JKB-16-0259 |
| **MILTON PORTILLO-RODRIGUEZ** | * | |

\* \* \* \* \* \* \* \* \*

**RESPONSE IN OPPOSITION TO GOVERNMENT MOTION IN LIMINE
FOR AN ORDER AUTHORIZING THE UNITED STATES MARSHALS
SERVICE TO PHOTOGRAPH THE DEFENDANTS' TATTOOS BEFORE TRIAL**

The defendant, Milton Portillo-Rodriguez, through his attorneys, Paul D. Hazlehurst, Esquire, and Laura Kelsey Rhodes, Esquire, hereby responds in opposition to the government's Motion in Limine for an Order Authorizing the United States Marshal to Photograph the Defendants' Tattoos Before Trial. The defendant asks that the Court deny the government's motion and prohibit, under both the Fifth Amendment's protection against compelled self-incrimination and the Fourth Amendment's bar against unreasonable searches and seizures, any examination or photographing of any tattoo on his body save for his face, neck, hands and forearms. He also objects to the introduction into evidence of any testimony or other evidence regarding any tattoos previously observed or recorded on any other part of his body that resulted from government action. In support, the defendant offers the following:

Statement of Facts

Mr. Portillo Rodriguez is charged in the Seventh Superseding indictment in this case with Conspiring to Participate in a Racketeering Enterprise in violation of 18 U.S.C. § 1962(d) and related charges. On September 9, 2021, the government filed a motion in limine seeking an order for the United States Marshals Service to photograph the tattoos of defendants including Mr. Portillo Rodriguez in the presence of another government agent. The government asserts that members of the alleged gang known as MS-13 "demonstrate their allegiance to and membership in the . . . gang by having MS-13-related tattoos." Government Motion, ECF 1145, p. 1. (It appears to undercut this statement (or cover its bets), however, by also stating that "[s]ome members . . . specifically avoid getting tattoos in order to avoid detention by law enforcement."*)*

*Id*. at p. 2. The government further states that "[e]vidence of the Defendants' tattoos will . . . be probative, and therefore relevant, to the charged racketeering offenses in this case." *Id*.

In support of its motion, the government cites *United State v. Toliver*, 387 F.Appx 406 (4th Cir., 2010) (unpublished), for the proposition that tattoos are a physical trait and that compelling a defendant to be photographed to capture images of allegedly gang-related tattoos does not violate a defendant's Fifth Amendment right against self incrimination.

<u>Argument</u>

The government makes no threshold showing that evidence related to any tattoos Mr. Portillo Rodriguez may have is relevant under Rule 401 and not unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. The government alleges that: "Investigators are aware that some MS-13 members signify their membership in the gang by getting tattoos." Government Motion, ECF 1145, p. 2. It also states that: "Sometimes these members will get tattoos while in jail." *Id*. Even assuming, for purposes of argument, that these statements are valid, unless the government can establish that a tattoo was obtained prior to or in the course of the racketeering conspiracy, which is alleged in the Seventh Superseding Indictment to have existed from 2015 to 2017, it is not relevant.

A tattoo acquired after the dates of the alleged conspiracy has no temporal link to the offenses charged. It further could be attributed to many motives, especially if obtained while in custody, including fear of other detainees. Rule 403 permits a court to exclude evidence if its probative value is substantially outweighed by a danger of several issues, including unfair prejudice and misleading the jury. Evidence of a tattoo acquired after the alleged conspiracy and in detention raises these issues. Unless the government can establish when any tattoo was acquired and under what circumstances, such evidence should be excluded.

Even if evidence regarding any tattoo evidence can pass the barriers of Rule 401 and 403, it should still be excluded if it is compelled in violation of Mr. Portillo Rodriguez' Fifth

Amendment right against self incrimination and/or his Fourth Amendment right against unreasonable searches and seizures. The Fourth Circuit's opinion in *Toliver*, as noted, is unreported and does not bind this Court. Moreover, the government's reliance on that case is misplaced given subsequent analysis of the issue by other courts.

The government cites *Toliver* for the proposition that tattoos "are a physical trait, similar to . . . voice or handwriting, and therefore do not constitute testimony within the context of the Fifth Amendment." *Id*. at 417. The Second Circuit, in a reported opinion in *United States v. Greer*, 631 F. 3d 608 (2d Cir. 2011) disagrees with this blanket rule. In *Greer*, a police detective testified on behalf of the prosecution that the defendant had a tattoo of a woman's name on his forearm. The focus of the testimony was that the defendant had a relationship with the woman whose name was spelled out in the tattoo. On appeal, the defendant argued that the detective's testimony regarding the tattoo violated his Fifth Amendment privilege against self incrimination. The government contended that evidence of the tattoo was not testimonial.

The Second Circuit reasoned that "[w]hether a communication is testimonial for Fifth Amendment purposes 'often depends on the facts and circumstances of the particular case.'" *United States v. Greer*, 631 F. 3d at 612, quoting *Doe v. United States*, 487 U.S., 201 214-215 (1988). To be testimonial, "an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information." *Id.* By contrast, "the privilege does not protect a criminal suspect from being compelled to exhibit physical characteristics, for example, 'to put on a shirt, to provide a blood sample or handwriting exemplar, or to make a recording of his voice." *United States v. Greer*, 631 F. 3d at 612, quoting from *United States v. Hubbell*, 530 U.S. 27, 35 (2000). Put more plainly, when it is the content of the tattoo that is relevant, not the physical fact of its existence in order to prove identity, the tattoo is considered testimonial.

Using this analytical framework, the Second Circuit found that the tattoo in *Greer* was not being used to identify the defendant. Rather, the content of the tattoo was the purpose of the testimony because it established that the defendant had a relationship with the woman in question. Therefore, the tattoo was testimonial and the Fifth Amendment was implicated.

Ultimately, the court found that observation of the tattoo was not compelled by the government because it was openly visible on the defendant's arm. Nevertheless, the court held that when – as in the instant case – the content and not the mere existence of the tattoo is at issue, the Fifth Amendment right against self incrimination is violated by compelled disclosure.

Courts have recently relied on *Greer* under fact patterns that more closely match the instant case. *United States v. Ledbetter*, 188 F.Supp. 674 (S.D. Ohio, 2016) involved an attempt by the government to introduce evidence of allegedly gang-related tattoos in a RICO prosecution. The court criticized the decision in *Toliver* ("other courts erroneously conflate *all* evidence of tattoos with evidence of identifying physical characteristics, which receive no Fifth-Amendment protection." ) *Id*. at 681 (emphasis in the original). It then noted that the government was not seeking to use the defendants' tattoos to physically identify them as participants in a crime" but because "evidence that these defendants decorated their bodies with tattoos showing their affiliation to the Short North Posse . . . and their loyalty to their co-conspirators goes to the heart of the existence, structure and operation of the RICO enterprise . . . ." *Id*. at 682.

The court in *Ledbetter*, relying on *Greer*, held that no government compulsion was involved in admitting evidence of tattoos that were openly visible on the defendants' faces, necks, hands and forearms. *Id*. at 682-683. It found, however, that markings on the "defendants' backs, shoulders, torsos, mid-sections, legs and feet . . .   ordinarily would not be admissible against a Fifth-Amendment challenge . . . ." *Id*. at 683. On this basis, the court ruled that the government could not compel the defendants to appear for an inspection to discover hidden markings and could only introduce evidence of "incriminating, communicative tattoos *if* those tattoos are plainly visible on the defendants' bodies as described above. *Id*. (Emphasis in the original).

A similar result in a similar context was reached by a district court in *United States v. Anthony*, 2019 WL 404987 (W.D. Va., Danville Division, 2019) (unpublished).  In that case, the government sought to compel defendants to permit their tattoos to be photographed so that the pictures could be introduced as evidence of gang affiliation. The court noted that *Toliver*, as an

unpublished opinion, did not control the issue. *Id*. at p. 4, n.1. It relied on *Greer* and *Ledbetter,* invoking the Fifth Amendment*,* to rule that the government could only photograph tattoos that were openly visible consistent with the areas specified in *Ledbetter*. It further found that Fourth Amendment's guarantee against unreasonable searches and seizures also served to prevent the government from photographing any other parts of the body. *Id*. at 3.

      The government in the instant case seeks to do exactly what the prosecution sought to do in *Greer*, *Ledbetter* and *Anthony* for the exact same reasons. Under the law and for the reasons set forth in those opinions, Mr. Portillo Rodriguez asks that the government's motion be denied consistent with those cases. Mr. Portillo Rodriguez objects, under both the Fifth Amendment's protection against compelled self-incrimination and the Fourth Amendment's bar against unreasonable searches and seizures, to any examination or photographing of any part of his body save for his face, neck, hands and forearms. He also objects to the introduction into evidence of any testimony or other evidence regarding any tattoos previously observed or recorded on any other part of his body other than those specified in *Ledbetter* that is the result of government compulsion. Finally, Mr. Portillo Rodriguez asks that, if the Court intends to permit any examination or photographing of his body by the government that his counsel be permitted to be present during such examination and/or photography.

      **WHEREFORE**, for the foregoing reasons as well as any other reasons developed at a hearing on the matter, the defendant moves that the Court deny the government's Motion in Limine for an Order Authorizing the United States Marshals Service to Photograph the Defendant's Tattoos Before Trial.

      Respectfully submitted,

      _____/s/_____
Paul D. Hazlehurst, Esquire
Bar No: 08156
11350 McCormick Road
Executive Plaza II, Suite 705
Hunt Valley, Md. 21031
(410) 773-9610

Paul@lawpdh.com

Laura Kelsey Rhodes, Esquire
Bar No: 12703
200-A Monroe St., Ste. 305
Rockville, Md. 20820
(301) 424-0094
LKR@LKRhodesLaw.com

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Federal Rule of Evidence 401
2. Federal Rule of Evidence 403
3. Fourth Amendment to the United States Constitution
4. Fifth Amendment to the United States Constitution
5. *United States v. Toliver,* 387 Fed. Appx. 406 (2010)
6. *United States v. Greer,* 631 F.3d 608 (2nd Cir. 2011)
7. *United States v. Ledbetter*, 188 F.Supp 3d 674 (S.D. Ohio, Eastern Division, 2016)
8. *United States v. Anthony*, 2019 WL 404987 (W.D. Va., Danville Division, 2019)

                           /s/
                  Paul D. Hazlehurst, Esquire
                  Laura K. Rhodes, Esquire

## **REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of Criminal Procedure for the District of Maryland, a hearing is requested on the defendant's motion.

/s/
_____
Paul D. Hazlehurst, Esquire

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of September 2021, a copy of the foregoing motion was electronically delivered via ECM/CF to all counsel of record.

                        /s/
                 Paul D. Hazlehurst, Esquire