IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.  JKB-16-0259 |
| MILTON PORTILLO-RODRIGUEZ | * | |

**************************************************************************

## MOTION TO SEVER AND SET TRIAL DATE FOR EARLY 2022

The defendant, Milton Portillo-Rodriguez, through counsel, Laura Kelsey Rhodes, Esquire, hereby moves this Honorable Court, pursuant to Rule 14 of the Federal Rules of Criminal Procedure,

A.  To sever Mr. Portillo-Rodriguez from his co-defendants' trial on October 4, 2021.

B.  To appoint a second counsel for him, though he does not request that new counsel necessarily be qualified as "learned counsel."

C.  To assign him a trial date consistent with the time his new counsel will need, in order to be fully prepared.

As grounds therefore the defendant states as follows:

1. Mr. Portillo-Rodriguez is currently charged in the Seventh Superseding Indictment in the above-captioned case with Conspiracy to Participate in a Racketeering Enterprise, 18 U.S.C. §1962(d), (Count 1); Racketeering, 18 U.S.C. §1962(c), (Count 2); Conspiracy to Commit Murder in Aid of Racketeering, murder, attempted murder, and assault with a deadly weapon, all in aid of racketeering, under 18 U.S.C. §1959(a)(1), (a)(3), (a)(5) and 18 U.S.C. §2 (Counts 5, 6, 7, 12, 13, 14, and 15).

2. Also charged in the indictment are approximately 28 named co-defendants. (The

names of some co-defendants remain redacted.)  Three of them are set to start trial along with Mr. Portillo-Rodriguez on the indictment on October 4, 2021:  Mr. Sandoval-Rodriguez, Mr. Sorto-Romero, and Mr. Joya-Parada.

### **Severance is Required to Protect Mr. Portillo-Rodriguez' Right to Counsel**

3. Rule 14(a) of the Federal Rules of Criminal Procedure provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  FED. R. CRIM. P. 14(a).

4.  The prejudice in this case arises out of a recently-discovered conflict of interest by undersigned's former co-counsel, Paul Hazlehurst, Esq.  Upon reviewing the *Jencks* disclosure provided by the government on September 13, Mr. Hazlehurst realized that he had a conflict of interest and could not continue representing Mr. Portillo-Rodriguez.  *See, e.g., Cuyler v. Sullivan*, 446 U.S. 335 (1980)(criminal defendants are constitutionally entitled to conflict-free counsel).  He filed a Motion to Withdraw as Counsel (DE# 1153) on September 16 and it was granted on September 17.  DE# 1158.

5. Due to the seriousness of his charges, Mr. Portillo-Rodriguez is entitled to two attorneys to assist in his defense under 18 U.S.C. §3005, including one qualified as "learned counsel:"

> Whoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel, of whom at least 1 shall be learned in the law applicable to capital cases.

18 U.S.C. §3005 (emphasis added).  The requirement for two counsel holds even if the government is no longer seeking the death penalty.  *United States v. Boone*, 245 F.3d 352 (4th

Cir. 2001).  **Mr. Portillo-Rodriguez hereby requests that the Court appoint a second counsel for him, though he does not request that new counsel necessarily be qualified as "learned counsel."**

### Efforts Made to Obtain Replacement Co-Counsel

6.  The trial is set to begin 14 days from today's date, September 20, and is expected to continue through December 3, 2021.  Pursuant to the Court's request during the telephone conference on Friday, September 17, undersigned counsel met with Mr. Portillo-Rodriguez at the Chesapeake Detention Facility ("CDF") that afternoon.  After a discussion of the various options, Mr. Portillo-Rodriguez indicated that he does want to have two attorneys defending him and he would like the trial to occur as soon as possible, while understanding that new counsel will require time to prepare.

7. Since that meeting at CDF, undersigned counsel has been in touch with D.C. Federal Defender A.J. Kramer, CJA Panel Representative Teresa Whalen, and CJA Coordinator Maureen Essex, among others.  Mr. Kramer has contacted several attorneys and is waiting to hear back from them.  Ms. Whalen and counsel discussed several possible attorneys, but, ultimately, all had conflicts with this MS-13 case.  Ms. Whalen is waiting to hear from one attorney, but he does not have the federal RICO experience needed.  Ms. Essex and counsel reviewed 17 names, which I then reviewed with other attorneys as well.  Of those with sufficient experience, I have called, emailed or texted 6 of them and none are available to handle the matter.  I have also spoken to a former co-counsel of mine on an MS-13 case in 2008, but he is unavailable.

8.  It appears unlikely that appropriate counsel can be found at this point.  The requirement is that they have time available *immediately until December 24* (assuming an October 25 start date).  Both undersigned counsel and former counsel, Paul D. Hazlehurst, Esq.,

have been working diligently for the trial starting October 4. It seems virtually impossible that new counsel could absorb the amount of discovery from four separate homicide cases, in addition to numerous other alleged crimes in a matter of a few weeks *and* have time to establish a relationship with the client *and* discuss strategy with undersigned counsel.

9. A crucial part of the attorney-client relationship, is that the client believes the attorney is working for him and dedicated to his best interest. The American Bar Association's ("ABA") Criminal Justice Standards regarding the defense function note that "Defense counsel should seek to establish a relationship of trust and confidence with the accused…"[1]  Standard 4-3.8, requires defense counsel to "(b) explain developments in the case to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." To be in a position to do that, replacement counsel will have to have adequate time to prepare for trial and that will take more than four and a half weeks.

**WHEREFORE**, for the foregoing reasons as well as any others developed at a hearing on the matter, Mr. Portillo-Rodriguez moves that he be severed from his co-defendants set for trial on October 4, 2021. He further moves that he be appointed replacement counsel for Mr. Hazlehurst, and that be given a new trial date as soon as his new counsel can be prepared.

Respectfully submitted,

\_\_\_\_\_/s/\_\_\_\_\_
Laura Kelsey Rhodes, Esquire
Bar No: 12703
200-A Monroe St., Ste. 305
Rockville, Md. 20820
(301) 424-0094
LKR@LKRhodesLaw.com

---

[1] ABA STANDARDS FOR CRIMINAL JUSTICE; PROSECUTION FUNCTION AND DEFENSE FUNCTION, 4-3.1 (American Bar Association 3d ed. 1993).

## POINTS AND AUTHORITIES

1. *Cuyler v. Sullivan*, 446 U.S. 335 (1980)
2. *United States v. Boone*, 245 F.3d 352 (4th Cir. 2001)
3. Rule14 of the Federal Rules of Criminal Procedure
4. ABA STANDARDS FOR CRIMINAL JUSTICE; PROSECUTION FUNCTION AND DEFENSE FUNCTION (American Bar Association 3d ed. 1993).

## REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of Criminal Procedure for the District of Maryland, a hearing is requested on the defendant's motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of September, 2021, a copy of the foregoing motion was electronically delivered via ECM/CF to all counsel of record.

                                               /s/
                                     Laura K. Rhodes, Esquire