# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Criminal No. JKB-16-0259 |
| **MILTON PORTILLO-RODRIGUEZ,** | * | |
| **JUAN CARLOS** | | |
| **SANDOVAL-RODRIGUEZ, OSCAR** | * | |
| **ARMANDO SORTO ROMERO,** | | |
| **JOSE JOYA PARADA** | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On October 18, 2021, the Court held its final Pretrial Conference in this matter. For the reasons stated in open court, it is hereby ORDERED that:

1. The Motion to Suppress Evidence (ECF No. 1143) is DENIED without prejudice as moot based on the Government's representation that it does not intend at this time to introduce the evidence at trial;

2. The Motion *in limine* for an Order Authorizing the United States Marshals Service to Photograph the Defendants' Tattoos before Trial (ECF No. 1145) is GRANTED provided that in no event will the Government examine or photograph tattoos located on the most private areas of the body as identified in Court;

    a. Any photographs must still meet all relevant evidentiary considerations before they may be admitted into evidence at trial;

3. The Motion to Suppress Out-of-Court Identification, In-Court Identification and Cell Site Location Evidence (ECF No. 1150) is DENIED as moot insofar as the Government does not seek to rely on any identification of Defendant Parada by Victim 17 (as announced by the Government during the Pretrial Conference) and DENIED with prejudice insofar as it seeks to suppress the cell site location evidence;

4. The Motion *in limine* to Preclude Reference to Alias (ECF No. 1151) is DENIED without prejudice to reconsideration during the course of the trial
   a. The Government is DIRECTED to alert Defendant Parada and the Court prior to pursuing testimony intended to elicit the alias "Little Jason";

5. The Motion *in limine* to Preclude Gruesome Photographs (ECF No. 1156) is DENIED without prejudice to reconsideration with respect to specific photographs;
   a. Absent the parties reaching stipulations with respect to the photographs that may be introduced, the Government will generally be permitted to admit for each alleged murder:
      i. A photograph establishing the scene where the body was discovered; and
      ii. A photograph establishing the state of the body when discovered and showing the cause of death;
   b. Additional photos may be permitted on a case-by-case basis if they are demonstrably probative of a contested issue;
   c. The Government is DIRECTED to advise the Court and the Defendants prior to the introduction of any gruesome photograph;

       i. In appropriate cases, the Court may provide a warning to the jury prior to the introduction of a graphic image;

6. The Motion *in limine* to Exclude Expert Testimony (ECF No. 1162) is DENIED without prejudice as to Defendants' identifying specific prejudice arising from any insufficient expert disclosure by the Government;

    a. The Government is DIRECTED to disclose the final CAST report discussed at the Pretrial Conference on or before Friday October 22, 2021 or be precluded from introducing it into evidence;

7. The Motion *in limine* to Preclude Inquiry into the Locations of Witnesses (ECF No. 1163) is DENIED insofar as it seeks to preclude cross-examination intended to elicit testimony regarding material benefits obtained by witnesses in exchange for their cooperation with the Government. It is GRANTED insofar as it seeks to preclude examining a witness with respect to their home address or the facility in which they are confined or any other details that might reveal this information;

8. The Motion *in limine* to Preclude Defense from Presenting Evidence or Argument Regarding Potential Penalties (ECF No. 1163) is GRANTED insofar as it seeks to preclude testimony regarding potential penalties faced by Defendants and DENIED insofar as it seeks to preclude examination regarding potential penalties cooperating witnesses would have faced without cooperation or other material benefits earned by witnesses through cooperation;

    a. Counsel for Defendants are DIRECTED to inform the Court and the Government before they begin to cross-examine a cooperating witness with

respect to whether that witness potentially faced the death penalty prior to entering into a cooperation agreement with the Government;

    b. Consistent with the discussion in Court on October 18, 2021, and in reference to the matters addressed in that discussion, the Government is DIRECTED to disclose all material benefits obtained by cooperating witnesses on or before Friday October 22, 2021;

9. Defendants' Motions to Adopt Other Motions (ECF Nos. 1157, 1164, 1169) are GRANTED;

10. Defendants' objections to wearing non-visible leg shackles during trial are DENIED on the basis of the United States Marshals Services' recommendation and memorandum entered into evidence as Court Exhibit No. 1 (sealed); and

11. The Government is DIRECTED to provide Defendants with copies of all trial exhibits by Monday October 25, 2021, at 12:00 p.m.

DATED this __18__ day of October, 2021.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge